IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGE MICHAEL WOODRING,
   *Plaintiff*,

v.

COLLECTION RECOVERY BUREAU,
   *Defendant*.

Civil Action No. ELH-11-02106

**MEMORANDUM**

Plaintiff George Michael Woodring, who is self-represented, filed suit against defendant, Collection Recovery Bureau ("CRB"). *See* Complaint (ECF 1).[1] Plaintiff alleges that CRB, a debt collector, "insist[s] that [plaintiff] owe[s] the bills to an adult line" and "need[s] to pay them."[2] Complaint at 2. Plaintiff explains that he "ask[ed] for verification, [and] they sent [him] the bills."[3] *Id.* However, plaintiff alleges that he then "asked [CRB] to verify the phone number that [the calls to the adult line] came from" but he "ha[s] not heard from them s[i]nce." *Id.* Concerned that the charges have "been on two of [his] credit reports," purportedly "damag[ing]

---

[1] Because plaintiff is proceeding *pro se*, his filings are "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

[2] Plaintiff appended to the Complaint, as Exhibit 1, a collections account summary on CRB letterhead, dated March 31, 2011, reflecting a charge to plaintiff of $41.56.

[3] A photocopy of a handwritten, undated letter signed by plaintiff is appended to the Complaint as Exhibit 2. There is no address or salutation on the photocopy, so it is not clear whether this letter is the one plaintiff purports to have sent to CRB. The letter states, in relevant part: "Before I am [to] make a payment I need verification that I made this call. This is not an admission of guilt." A copy of a bill addressed to plaintiff, sent from "First Charge Financial," not CRB, is appended as Exhibit 3.

[plaintiff's] credit,"[4] *id.*, plaintiff brought suit, seeking compensatory damages in the amount of $75,000.00 and punitive damages in the amount of $85,000.00. *Id.* at 3.

This suit was filed on August 5, 2011. On October 5, 2011, plaintiff filed a motion for a "default judgment, for the plaintiff" (ECF 6). On October 20, 2011, in a letter to the Court, plaintiff again asked for a "default judgement in favor of plaintiff" (ECF 7). The motion was "terminated" on November 28, 2011, presumably because CRB had not been served at the time plaintiff first filed his motion.

CRB was not served until November 3, 2011 (ECF 8). However, once served, CRB did not respond to plaintiff's Complaint. Accordingly, on December 21, 2011, plaintiff again requested a "judgement for plaintiff" (the "Motion," ECF 11). The Clerk entered an "Order Of Default" against CRB on December 27, 2011 (ECF 12).

On January 13, 2011, in a letter addressed to the Court, plaintiff requested a "freeze" of "all assets" of CRB's President, identified by plaintiff as "Ron Burnard," until such time as there is "an agreement of the default judgment." ECF 13. Although it appears that plaintiff intended ECF 11 to function as a motion for default judgment, and not merely a request for the Clerk's entry of an Order of Default, plaintiff put forward no facts or law in support of his request for a "freeze" of Mr. Burnard's assets.

The request to freeze assets (ECF 13) is denied, without prejudice. For the reasons that follow, I will also deny the motion for default judgment, without prejudice to plaintiff's right to re-file his motion.

---

[4] A copy of plaintiff's credit report is appended to the Complaint as Exhibit 3. It shows an outstanding balance to CRB in the amount of $166.

**Discussion**

Upon a showing that a party against whom judgment is sought has failed to plead or otherwise defend, the clerk must enter the party's default. *See* Fed. R. Civ. P. 55(a). After the clerk has entered a default, the plaintiff may seek a default judgment. *See* Fed. R. Civ. P. 55(b). Entry of default judgment "is left to the discretion of the court." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). To be sure, it is the "'strong policy'" of the Fourth Circuit to decide cases on their merits. *Id.* (citation omitted). But, default judgment may be proper if "the adversary process has been halted because of an essentially unresponsive party." *Id.*

Upon default, the well-pleaded factual allegations of the complaint regarding liability are deemed admitted, in contrast to the allegations regarding damages. *Id.* at 422; *see* Fed. R. Civ. P. 8(b)(6) (a defaulting party is deemed to admit factual allegations of the plaintiff's complaint, "other than [those] relating to the amount of damages"). Although a defaulting party "'admits the plaintiff's well-pleaded allegations of fact'" as to liability, the party in default is "'not held . . . to admit conclusions of law'" or allegations regarding liability that are not "well-pleaded." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). Thus, "'a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" *Id.* (citation omitted). *See also* 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE, § 2688, at 60-61 (3d ed. 1998) ("WRIGHT, MILLER") ("[L]iability is not deemed established simply because of the default, and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

When reviewing a motion for default judgment, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action . . . ." 10A WRIGHT,

MILLER, § 2688, at 63. "The court must, therefore, determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought . . . ." *Ryan*, 253 F.3d at 780.

As to damages, when the "plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter a default judgment on the plaintiff's affidavit. Fed. R. Civ. P. 55(b)(1). But, a mere "generalized statement of the amount due in [the] plaintiff's complaint" does not establish a "sum certain" for purposes of Rule 55(b)(1). 10A WRIGHT, MILLER, § 2683, at 23 (citing *Anderson v. United States*, 182 F.2d 296, 297 (1st Cir. 1950)).

Plaintiff's Motion is insufficient to support a default judgment. Plaintiff has not alleged with specificity any legal right that CRB violated in allegedly failing to provide more information about plaintiff's debt, beyond the telephone numbers from which the disputed charges were made. And, plaintiff has submitted insufficient documentation of his damages. Instead, he merely alleges, without articulating any reasoned basis, that he is entitled to damages of $160,000.00.

## Conclusion

Accordingly, I will deny the Motion, without prejudice to plaintiff's right to re-file his Motion, showing an adequate foundation for the legal violation he contends CRB committed; the grounds for his entitlement to damages; and documentation and/or itemization of his claim for damages. An Order implementing this ruling follows.

Date: January 9, 2012

/s/
Ellen Lipton Hollander
United States District Judge