IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGE MICHAEL WOODRING,
   *Plaintiff*,

v.

COLLECTION RECOVERY
BUREAU,
   *Defendant*.

Civil Action No. ELH-11-02106

**MEMORANDUM**

Plaintiff George Michael Woodring, who is self-represented, filed suit against defendant, Collection Recovery Bureau ("CRB"). *See* Complaint (ECF 1).[1] Plaintiff alleges that CRB, a debt collector, "insist[s] that [plaintiff] owe[s] the bills to an adult line" and "need[s] to pay them." Complaint at 2. He appended to his Complaint a collections account summary on CRB letterhead, dated March 31, 2011, reflecting a charge to plaintiff of $41.56.[2] A copy of plaintiff's credit report, dated January 14, 2011, is also appended to the Complaint, and shows an outstanding balance to CRB in the amount of $166.

Plaintiff explains that he "ask[ed] for verification, [and] they sent [him] the bills."[3] *Id.* Plaintiff has also submitted with his Complaint a copy of a letter sent to plaintiff by CRB, dated April 19, 2011. It states: "Per your request, enclosed please find a copy of the charges or

---

[1] Because plaintiff is proceeding *pro se*, his filings are "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

[2] Plaintiff's exhibits are not numbered.

[3] Plaintiff does not specify when or how he asked for verification. He has appended to the Complaint a photocopy of a handwritten letter signed by him. Because it is undated, and does not contain an address or a salutation, it is not clear whether this letter constitutes plaintiff's request to CRB for verification. In any event, the letter states, in part: "Before I am [to] make a payment I need verification that I made this call. This is not an admission of guilt."

documents you have requested for verification of the referenced debt." A copy of a bill from a "First Charge Financial" is also included, and is presumably the enclosure to which CRB refers in its letter. It lists dates and times of calls to the adult line, and the corresponding charges, as well as the originating phone number from which the calls were made. However, plaintiff alleges that he then "asked [CRB] to verify the phone number that [the calls to the adult line] came from" but he "ha[s] not heard from them s[i]nce." Complaint at 2. Concerned that the charges have "been on two of [his] credit reports," purportedly "damag[ing] [plaintiff's] credit," *id.*, plaintiff brought suit, seeking compensatory damages in the amount of $75,000.00 and punitive damages in the amount of $85,000.00. *Id.* at 3.

CRB was served with the Complaint (ECF 8), but did not appear or respond to the suit. Accordingly, on December 21, 2011, plaintiff requested a "judgement for plaintiff." ECF 11. In response, the Clerk entered an "Order Of Default" against CRB on December 27, 2011. ECF 12.

In addition, I construed ECF 11 as a motion for default judgment. On January 9, 2012, I issued a Memorandum (ECF 14) and Order (ECF 15), denying plaintiff's motion for default judgment, without prejudice to plaintiff's right to re-file.

The motion for default judgment was denied because it was "insufficient to support a default judgment." ECF 14 at 4. In particular, plaintiff failed to allege "with specificity any legal right that CRB violated" and "submitted insufficient documentation of his damages." *Id*. Plaintiff was afforded 30 days from the date of the Order to submit to the Court and serve on defendant "a renewed motion for default judgment, explaining the legal grounds for his entitlement to judgment, and supported by documentation and/or itemization of his claim for damages." ECF 15.

Plaintiff subsequently filed two submissions with the Court within the time provided. I will construe these submissions, collectively, as a renewed motion for default judgment.

The first submission was filed on January 18, 2012. ECF 16. In that submission, plaintiff again notes CRB's failure to respond, and "ask[s] for the default to stand." *Id*. at 1. As to the matter of CRB's legal violation, he asserts: "I need more proof than a phone # [sic] I have no proof about anything." *Id*. As to the matter of damages, he asserts: "Damages, everyone on the service of my credit choose not to do business with me." *Id.* at 3.

Plaintiff appended three exhibits to ECF 16. The first is a letter from Tony Shula at CRB, dated November 9, 2011.[4] It states:

> This letter will serve to answer the referenced complaint service received in our office on November 9, 2011.
> I was shocked to say the least. You have had 4 (Four) different accounts placed in our office for correction action from 3 (Three) different creditors. We had spoken to you at one point and had documented your promise to commence a payment plan and your inability to pay the full amounts due to financial hardship.
> Your complaint and the accompanying documents you provided in your filing, themselves clearly evidence a false, or at least, inaccurate filing.
> Suffice it to say, it is in our best interest to dispose of this matter as inexpensively as possible. To do so, I will propose the following:
> You immediately dismiss this case with prejudice and provide us documentation of that action.
> Upon receipt of that proof, we will then delete the item in question from the credit bureau AND write off the total account balance due in our office. (Currently at $492.01) In the event we are forced to defend this, we will seek remedies to recover our costs as we will undoubtedly prevail in such a frivolous and false claim.

Plaintiff observes that this letter "was not an answer to the complaint and this was not entered in to the court." Complaint at 2. He also insists he did not "promise any kind of payment" to CRB. *Id.* at 3.

---

[4] Apparently, the letter was initially returned as unclaimed, and was again mailed to plaintiff on January 6, 2012. *Id*. The letter does not specify Mr. Shula's position at CRB.

The second exhibit is a "Consumer Credit Report for George Michael Woodring," dated January 14, 2011.  It does not mention CRB.

The third exhibit is an undated printout from the website of the "Better Business Bureau," giving CRB a "B-" rating on a "scale of A+ to F," and noting "168 complaints filed against business."  Plaintiff observes: "[G]iven the reputation that CRB has this has happen [sic] 168 other times with other people.  This put up a red flag…" *Id.* at 3.

Plaintiff's second submission was filed on February 7, 2012.  ECF 17.  As to the matter of CRB's legal violation, plaintiff asserts:  "I need more proof than just a pieces [sic] of paper," *id.* at 1, and insists "CRB has not proven anything to me." *Id.* at 2.  As to the matter of damages, plaintiff appears to have reduced his demand, stating that the "charge is far out there, So [sic] I feel it should be lowered to 5500,00 [sic]." *Id.* at 1.  He added: "I feel that the punitive damages are high, which could be lowered to 2500,00 [sic] I feel this is fair." *Id.* at 2.  Plaintiff also appended two exhibits.  The first is a "Consumer Credit Report for George Michael Woodring," again dated January 14, 2011.  It lists CRB as a creditor and shows a balance due of $166.  The second is an account statement from "Experian," also dated January 14, 2011, which lists CRB as a creditor and reflects a balance due of $166.

Notably, plaintiff complains: "I though[t] that default ment [sic] you win." *Id.* at 2.  Nevertheless, his submissions do not explain "the legal grounds for [plaintiff's] entitlement to judgment," nor do they document or itemize his claim for damages.  Although plaintiff fails to articulate a specific legal claim against CRB, a liberal construction of his pleadings suggests that he has attempted to bring a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

The FDCPA provides, 15 U.S.C. § 1692(g)(b), that, in the event of a "disputed debt," the debt collector shall

> cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

As noted, plaintiff appended to his Complaint an undated photocopy of a letter he purportedly sent to CRB, which states, in part: "Before I am [to] make a payment I need verification that I made this call. This is not an admission of guilt." This letter can be construed as plaintiff's notice to CRB that the debt was disputed within the meaning of the FDCPA. Plaintiff also appended to his Complaint a copy of a letter that CRB sent to him by CRB, dated April 19, 2011, which states: "Per your request, enclosed please find a copy of the charges or documents you have requested for verification of the referenced debt." CRB attached to its letter a copy of a bill from a "First Charge Financial," which lists dates and times of telephone calls to the adult line, the corresponding charges, as well as the originating telephone number from which the phone calls were made. This can be construed as CRB's "verification of the debt," within the meaning of the FDCPA. Yet, plaintiff insists that he has received insufficient "proof" from CRB regarding the charges. However, he does not specify the deficiencies, nor does he indicate what additional "proof" is warranted. And, he seems to suggest that he would dispute any written documentation, asserting: "Anyone can wright [sic] a bill and send it, and say you owe this amount of money. It happens all the time." ECF 16 at 3.

Of import here, plaintiff has not affirmatively denied that he made the disputed telephone calls. Nor does he affirmatively deny that the telephone number from which the calls were made was his phone number.

In sum, plaintiff has not identified the basis for a claim that CRB violated the FDCPA, nor is such a violation apparent to the Court from the submissions. And, as to the matter of damages, although plaintiff appears to have reduced his demand, he has failed to itemize the damages he allegedly sustained, nor has he justified his entitlement to the reduced sum. As with his initial motion for default judgment, plaintiff's additional submissions (ECF 16, ECF 17) are wholly insufficient to serve as the basis for relief.

Accordingly, I will deny the motions, with prejudice. An Order implementing this ruling follows.

Date:  February 9, 2012                              /s/
                                            Ellen Lipton Hollander
                                            United States District Judge